PER CURIAM.
The plaintiff-appellee recovered a verdict and judgment against the defendant-appellant in a suit for damages for personal injuries alleged to have been sustained by reason of the negligence of the defendant’s agent and servant, from which judgment the defendant has appealed.
The evidence showed that the plaintiff, a carpenter, and other workmen were engaged in erecting a porch as an addition to an existing structure. The framework of the gable roof over the porch had been put up, and the ridge pole and rafters installed, but the sheeting and finished roofing had not been applied. The roof framework was held in place temporarily by vertical supports at each end of the porch near the corner and in the middle of the porch. There were also two braces, one at each end of the porch running from "the roof plate downward at an angle of about 30 degrees from vertical to a point on the ground about 6 feet from a concrete form which had been constructed to hold in place the concréte to be poured for the porch floor. The vertical supports, which were 1x6 inch planks, were nailed to the roof-plate at the top and to the concrete form at the bottom, but appear to have been used principally as guides to plumb the level of the roofplate, rather than as supports for the roof. The angle braces were 2 x 4s, not mitered, and were nailed to the plate at the top and also to 2 x 4 stobs driven into the ground across the bottom of the brace.
The negligence charged against the defendant is that the driver of its concrete mixer truck backed the truck against the angle brace at one end of the porch, loosening the nails at. the top of the brace, and thereby weakening the roof support. As evidence to support this charge, the plaintiff introduced in evidence the 2x4 brace, which showed the nails at the top bent in a southward direction and indentations on the side of the brace which could have been made by the chute of the concrete mixer striking against it. It was also shown that workmen had been up on the roof prior to the time that the concrete was poured, without mishap. This was all the evidence that the plaintiff adduced to prove that the defendant’s truck had actually struck the angle brace.
While we are cognizant of the rule that negligence may be established by circumstantial as well as by direct evidence, we are of the opinion that the evidence in this case was insufficient to do so. Several workmen, including the plaintiff, were standing around while the defendant’s driver was backing up the truck in preparation for pouring the concrete. None of these men saw the truck or any portion thereof strike the angle brace. The driver testified positively that he did not strike it. It also appears that the center vertical support, and possibly the end vertical sup *696 port near title angle brace alleged to have been hit, were removed- prior to the time that the concrete was poured and were not replaced before the plaintiff re-ascended the roof after the concrete track was there. While these vertical supports were primarily for levelling purposes, there was evidence that these uprights lent some support to the roof.
The angle brace alleged to have been stricken was before this court at the time of oral argument here and was viewed by the court. The indentations alleged to have been caused by the defendant’s truck were minute, and could have been caused by the use to which it had been put prior to its use as an angle brace. Moreover, this timber was carried down by the falling roof, which could have caused the indentations.
The fact that the roof fell after the truck had been there when plaintiff and one other man ascended it, and had not fallen earlier in the day with three men on it, is not sufficiently unusual to require the inference that the truck must have hit the angle brace.
Under all the evidence, we think that the jury was not justified in inferring that the defendant’s truck struck the angle brace, since it is equally susceptible of the inference that it fell because of the concentration of the weight of the plaintiff and one other workman at the southwest corner of the roof, after the center vertical support had been removed, and, possibly, the vertical support at the southwest corner.
For the reasons stated, the judgment should be and it is hereby reversed and the cause remanded.
Reversed and remanded for a new trial.
SEBRING, C. J., and TERRELL, THOMAS, HOBSON, ROBERTS and MATHEWS, JJ., concur.
REVELS, Associate Justice, dissents.